UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Toyo Tire and Rubber Co., Ltd.; Toyo Tire U.S.A. Corp.; and Toyo Tire Holdings of Americas Inc., <br><br> Plaintiffs, <br> vs. <br><br> Toyama Tyre Corp., Ltd.; Toyama Tyre Corp., Ltd.; and Hong Kong Toyama Tyre Int'l Ltd., <br><br> Defendants. | Case No.: 2:13-cv-02062-GMN-NJK <br><br> **ORDER** |

This is a civil action for trademark infringement, trademark dilution, unfair competition, passing off, and cybersquatting under the Lanham Act, 15 U.S.C. §§ 1051–1141n, and under Nevada common law.  Pending before the Court is the Emergency Ex Parte Motion for Temporary Restraining Order (ECF No. 3) filed by Plaintiffs Toyo Tire and Rubber Co., Ltd. ("Toyo Tire and Rubber"), Toyo Tire U.S.A. Corp. ("Toyo Tire USA"), and Toyo Tire Holdings of Americas, Inc. ("Toyo Tire Holdings") (collectively, "Plaintiffs").

**I. BACKGROUND**

On November 8, 2013, Plaintiffs filed their Complaint (ECF No. 1) against Toyama Tyre Corp., Ltd. ("Toyama Tyre China"), Toyama Tyre Corp., Ltd. ("Toyama Tyre Japan"), and Hong Kong Toyama Tyre Int'l Ltd. ("Toyama Tyre Hong Kong") (collectively, "Defendants"), contemporaneously with their Emergency Ex Parte Motion for Temporary Restraining Order (ECF No. 3) and Motion for Preliminary Injunction (ECF No. 5).

Plaintiffs and Defendants are foreign and domestic corporations that manufacture and distribute tires.  Plaintiffs allege that they have "made exclusive and continuous use of the TOYO mark in connection with the tire industry internationally since at least as early as 1945,

and in the United States as early as 1966." (Compl., 4:¶7.)  Plaintiffs attach as exhibits to the Complaint evidence of listings with the United States Patent and Trademark Office showing that Plaintiff Toyo Tire & Rubber Co., Ltd. is the registered owner of several marks using the name "TOYO," including "TOYO 800 PLUS," "TOYO SPECTRUM," and "TOYO M/T" ("the TOYO marks") dating between the years 1967 and 2006. (*Id*. at Exs 1–5.)

Plaintiffs allege causes of action against Defendants for: (1) Trademark Infringement under section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (2) False Designation of Origin and Unfair Competition under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) Dilution of Trademarks under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (4) Cybersquatting under section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); (5) Common Law Trademark and Trade Name Infringement; and (6) Common Law Unfair Competition. (Compl., ECF No. 1.)

**II. LEGAL STANDARD**

Preliminary injunctions and temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

A "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local No. 70*, 415 U.S. 423, 439 (1974).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.  "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id*. at 24 (internal quotation marks omitted).

The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

"In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

"The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).  "The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Id*.

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

**III. DISCUSSION**

Regardless of whether the Court finds that Plaintiffs can satisfy the *Winter* test, or the Ninth Circuit's *Cottrell* sliding scale test, the Court need not reach these questions at this time because Plaintiffs have failed to satisfy the requirements for the issuance of a temporary restraining order pursuant to Rule 65(b)(1).

A "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Having reviewed Plaintiffs' Complaint (ECF No. 1), Emergency Ex Parte Motion for Temporary Restraining Order (ECF No. 3), the Declaration of Iori Suzuki (ECF No. 7), the Declaration of Fardad Niknam (ECF No. 8), and Plaintiffs' Proposed Order Granting Plaintiffs' Emergency Ex Parte Motion for Temporary Restraining Order (ECF No. 9), it is unclear whether Plaintiffs' attorney has satisfied Rule 65(b)(1)(B).

More important, Plaintiffs fail to include any basis for the Court to make the required Rule 65(b)(1)(A) findings justifying the issuance of a temporary restraining order, as opposed to a preliminary injunction, and notably fail to even acknowledge these separate requirements for the issuance of a temporary restraining order (*see* Em. Ex Parte Mot. TRO, 12:15–26).

In their motion, which is identical to their Motion for Preliminary Injunction (ECF No. 5), Plaintiffs argue that if Defendants are given notice before an injunction is issued, they will "promote and sell infringing products at SEMA and then flee to China to fill sales orders and build additional business," and Plaintiffs "will be deprived of the ability to address its damages and extent of its injuries, including long-term loss of market share and concomitant erosion of

exclusive patent and trademark rights." (Em. Ex Parte Mot. TRO, 18:23–25, ECF No. 3.) However, this argument provides no specific facts that clearly show why Defendants' promotion and sale of infringing products at SEMA and subsequent flight to China will deprive Plaintiffs of their ability to address their damages and the extent of their injuries if an injunction is not issued before Defendants can be heard in opposition.  Although Plaintiffs may be able to carry their burden for the issuance of a preliminary injunction, the Court cannot find that the issuance of an injunction without notice to Defendants (in the form of a temporary restraining order) is appropriate.

Accordingly, the Court cannot find that Plaintiff has satisfied the requirements for the issuance of a temporary restraining order pursuant to Rule 65, and the Court must therefore deny Plaintiffs' Emergency Ex Parte Motion for Temporary Restraining Order (ECF No. 3).

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Emergency Ex Parte Motion for Temporary Restraining Order (ECF No. 3) is **DENIED**.

**DATED** this 8th day of November, 2013.

_____
Gloria M. Navarro
United States District Judge